Mr. Layon F. Robinson, II Attorney Samoset Board of Fire Commissioners 442 Old Main Street Bradenton, Florida 33505
Dear Mr. Robinson:
This is in response to your request for an opinion on substantially the following questions:
 (1) IS IT A VIOLATION OF THE ANTINEPOTISM STATUTE, s 116.111, F.S., FOR THE SAMOSET FIRE CONTROL DISTRICT BOARD OF COMMISSIONERS TO EMPLOY A PERSON AS A PAID FIREMAN IF, AT THE SAME TIME, THE PERSON'S FATHER IS A NONPAID FIRE CHIEF IN THE VOLUNTEER FIREMAN'S GROUP?
 (2) IS IT A VIOLATION OF s 116.111, F.S., FOR THE MEMBERS OF THE VOLUNTEER FIREMAN'S GROUP TO ELECT A PERSON TO THE RANK OF LIEUTENANT IF, AT THE SAME TIME, THE PERSON'S FATHER IS FIRE CHIEF?
QUESTION ONE
Your inquiry notes that the Samoset Fire Control District is a fire district created and regulated by Ch. 57-1544, Laws of Florida, and its subsequent amendments. Section 2 of Ch. 57-1544 provides that the business and affairs of the district shall be administered by its Board of Commissioners, and s 9 provides that the Board shall have the authority to hire a Fire Marshall and one or more firemen at salaries to be determined by the Board. Subsequent amendatory legislation has not changed this power of the Board or allowed for its delegation to other persons.
Your letter states that the Board of Commissioners has never delegated to the Chief in question the authority to appoint, employ, promote or advance persons in or with the fire control district, or to positions as paid or volunteer firemen. You also state the the Volunteer Fire Association has no involvement with the decision to hire persons as paid firemen, and that this decision is solely a Board function. Your letter also specifies that no member of the Board is related to any firefighter employed by the Board.
For the following reasons, your first question is answered in the negative. Section 116.111(2)(a) the "antinepotism statute" provides:
 A public official may not appoint, employ, promote, or advance, or advocate for appointment, employment, promotion, or advancement, in or to a position in the agency in which he is serving or over which he exercises jurisdiction or control any individual who is a relative of the public official. An individual may not be appointed, employed, promoted, or advanced in or to a position in an agency if such appointment, employment, promotion, or advancement has been advocated by a public official, serving in or exercising jurisdiction or control over the agency, who is a relative of the individual. (e.s.)
Subsection (1)(b) of that statute defines "public official" for the purposes of this section in the following manner:
 "Public official" means an officer, including a member of the Legislature, the Governor, and a member of the Cabinet, or employee of an agency in whom is vested the authority by law, rule, or regulation, or to whom the authority has been delegated, to appoint, employ, promote, or advance individuals or to recommend individuals for appointment, employment, promotion, or advancement in connection with employment in an agency [.] (e.s.)
On the basis of the facts stated in your letter, and in light of the express provisions of Ch. 57-1544 it does not appear that the father of the prospective employee described above is a "public official" for purposes of s 116.111(2)(a), since he has none of the powers enumerated in subsection (1)(b).
Moreover, numerous opinions of the Attorney General have concluded that the "antinepotism" statute is not intended to prevent relatives from working together in public employment, but rather is intended only to prohibit those public officials, who have the power to appoint or promote or recommend their own relatives, from exercising such a power. See, AGO 80-70 (concluding that a town council could appoint the town clerk's brother as maintenance supervisor, since the prospective employee was not related to the officials in whom the appointing or employing power was vested); AGO 77-144 (concluding that a nonrelated appointing official may hire the relative of an existing department official); AGO 71-158 (concluding that the county engineer could hire a relative of a county commissioner without violating s 116.111, but that this county commissioner could not advocate employment of his relative, and would have to abstain from voting on the issue should it come before the board); AGO 74-255 (concluding that s 116.111 does not prevent a state agency from employing husband and wife teams so long as the person who hires the couple is related to neither of them, and additionally that it may not allow one spouse to promote or advance the other or to advocate promotion or advancement of the other); AGO 73-397 (concluding that a city may employ the daughter of a police lieutenant as a policewoman even though she would be at times under the supervision of her father, since neither relative possesses the power to appoint, employ, or promote); AGO 71-258 (concluding that a department head having appointing power who is not related to a prospective employee may appoint such a person even though the prospective appointee is related to an existing officer or employee in the department).
Applying the rationale of the above opinions, it is apparent that s 116.111 does not prohibit the Board's appointment of the above described person as a paid fireman in the district, since the individual in question is not related to any member of the Board in which the appointing or employing authority is vested, and also since, the father of this person is not vested with the authority by law, rule or regulation or delegated the authority to appoint or employ or recommend individuals to be hired as paid firemen or firefighters in the district. Attorney General's Opinion 77-144.
QUESTION TWO
Your second question asks if it is a violation of the antinepotism statute for members of the volunteer fireman's group to elect a person to the rank of lieutenant in their organization if, at the same time, the person's father is fire chief. I note that your letter stipulates that this chief would have no involvement in the volunteers' voting to elevate the son to the rank of lieutenant in the volunteer organization. In order for the provisions of s 116.111 to be applicable to this association of volunteer firemen, it or some delegating authority would need to come within the provisions of s 116.111(1)(a), which defines "agency" for the purposes of the antinepotism statute. For the following reasons, it is my opinion that the association of volunteer firemen which your letter describes is not an "agency" as defined in that statute, and has not been delegated the authority specified in s 116.111(1)(b) such that it or its members collectively would be considered a "public official" for purposes of your second question.
Nothing in Ch. 57-1544, Laws of Florida, makes mention of or refers to either volunteer firemen or this association of volunteer firemen, nor does that special law create a statutory relationship between the Board and the association. Additionally, my research has not revealed any statute that purports to recognize, establish, or treat volunteer fireman's associations as agencies or political subdivisions of the state, such that they would fall within the definition of "agency" in s 116.111(1)(a). Compare, AGO 83-1 (concluding that a volunteer fire company "is not a state or local governmental agency" and thus is not subject to s 286.011).
Accordingly, your second question is answered in the negative.
In summary, it is my opinion that
 (1) it is not a violation of s 116.111, F.S., the antinepotism statute, for the Samoset Fire Control District Board of Commissioners to employ a person as a paid fireman in the district even though, a t the same time, the person's father is a nonpaid fire chief in a volunteer fireman's group, since the father is not vested with the authority by law and has not been delegated the authority to appoint, employ, promote or advance persons for the position of paid fireman or firefighter or to recommend individuals for appointment, employment or promotion in or to a position in the district, and the son is not related to any member of the fire control district board of commissioners;
 (2) it is not a violation of s 116.111 for the members of a volunteer fireman's group to elect a person to the rank of lieutenant in that group even though, at the same time, the person's father is fire chief, since this group or association is neither an "agency" nor an "official" for purposes of s 116.111, F.S., except in those cases where the power specified in s 116.111(1)(b) or (2)(a) has been delegated to it by an agency subject to the antinepotism law.
Sincerely,
Jim Smith Attorney General
Prepared by:
Anne Curtis Terry Assistant Attorney General